**Gabriel Salgado FUENTES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7662.

United States Court of Appeals, Ninth Circuit.

April 19, 1988.

Before BROWNING, Chief Judge, WALLACE, SNEED, FLETCHER, ALARCON, FERGUSON, NELSON, BOOCHEVER, NORRIS, REINHARDT and THOMPSON, Circuit Judges.

---

## ORDER

On February 27, 1987, we stayed proceedings in this case until further order pending disposition of petitioner's application for legalization under the Immigration Reform and Control Act of 1986. In an order issued January 13, 1988, we dismissed the petition without prejudice but withheld the mandate until 28 days after the disposition of the Petitioner's legalization application. Withholding the mandate stayed the order of deportation.

On February 2, 1988, the Petitioner's status was adjusted to that of a "temporary resident alien under Section 210(a)(2)(A) of the Immigration Reform and Control Act of 1986." Under the applicable statutes and regulations, the petitioner must now wait a minimum of 12 months, and a maximum 24 months, before his status can be adjusted to permanent residency. 8 U.S.C. § 1160(2)(A).

Petitioner moves for a continued stay of the mandate until the INS has disposed of his application for permanent residency. Granting the motion would mean the case would remain on our docket but inactive for one to two years. Denying the motion, on the other hand, will not prejudice the petitioner since he may not be deported until there is a final disposition of his application. If he should become subject to deportation pursuant to the order now under review, he may refile his petition for review, which will stay the order of deportation. If the petitioner refiles his petition, the clerk shall assign the case to a three-judge panel in the normal manner.

The three-judge panel's opinion, reported at 765 F.2d 886, is vacated.

MOTION DENIED, the mandate will now issue.